Daniel F. Fears, State Bar No. 110573
dff@paynefears.com
Andrew K. Haeffele, State Bar No. 258992
akh@paynefears.com
Jason I. Bluver, State Bar No. 281784
jib@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

Attorneys for Defendant CVS PHARMACY, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE PERSON,<br><br>Plaintiff,<br><br>v.<br><br>CVS PHARMACY, INC., a Rhode Island Corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 8:20-cv-01360<br><br>[Orange County Superior Court Case No. 30-2020-01144896-CU-WT-CJC]<br><br>**PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441**<br><br>Trial Date: Not Set |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF SHANE PERSON AND HIS COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE** that Defendant CVS PHARMACY, INC. hereby removes this action from the Superior Court of the State of California for the County of Orange to the United States District Court for the Central District of California, on the following grounds:

## I. INTRODUCTION

1. This Court has jurisdiction over this action because complete diversity exists between Plaintiff SHANE PERSON ("Plaintiff") and Defendant CVS PHARMACY, INC. ("CVS").

2. Plaintiff is a citizen of the State of California, and was a citizen at the time of the filing of his Complaint.

3. CVS PHARMACY, INC. is now, and was at the time this action was commenced, a citizen of the State of Rhode Island within the meaning of 28 U.S.C. section 1332.

4. Plaintiff's Complaint, on its face, contemplates a matter in controversy that exceeds the sum or value of $75,000, exclusive of interest and costs.

5. Pursuant to 28 U.S.C. section 1446(b), this case is being removed within thirty (30) days of CVS's receipt of a document (the "Complaint") where diversity of citizenship is apparent.

## II. THE STATE COURT ACTION

6. On or about May 7, 2020, Plaintiff filed an action against CVS titled "*Shane Person, Plaintiff vs. CVS Pharmacy, Inc., a Rhode Island Corporation, and DOES 1 through 50, inclusive, Defendants*" in the Superior Court of the State of California, County of Orange, Case No. 30-2020-01144896-CU-WT-CJC (the "State Court Action").

7. A true and correct copy of the Summons and Complaint served on CVS is attached to the Declaration of Jason I. Bluver ("Bluver decl.") as **Exhibit A.**

8. In his Complaint, Plaintiff alleges the following causes of action: (1) Violation of Labor Code section 1102.5; (2) Violation of Labor Code section 6310; (3) Violation of Labor Code section 98.6; (4) Disability Discrimination in Violation of the FEHA; (5) Failure to Accommodate in Violation of the FEHA; (6) Failure to Engage in the Interactive Process in Violation of the FEHA; (7) Retaliation in Violation of the FEHA; (8) Failure to Prevent in Violation of the FEHA; (9)

Wrongful Termination in Violation of Public Policy; (10) Violation of Labor Code section 226; and (11) Violation of Labor Code section 1198.5.

9. On July 27, 2020, CVS answered Plaintiff's Complaint. A true and correct copy of CVS's Answer is attached to the Bluver decl. **as Exhibit B.**

10. The Summons, Complaint, and Answer constitute the pleadings, process, and orders served upon CVS in the State Court Action.

### III. COMPLETE DIVERSITY EXISTS BETWEEN PLAINTIFF AND CVS PHARMACY, INC.

11. The Complaint, and each alleged cause of action contained therein, may be properly removed on the basis of diversity jurisdiction in that this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

### A. Plaintiff is a Citizen of the State of California

12. Plaintiff is now, and was at the time this action was commenced, a citizen of the State of California within the meaning of U.S.C. § 1332(a) -- his place of residence and domicile are, and were, located within the State of California. *See* **Complaint at ¶1**; *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is his permanent home, where he resides with the intention to remain or to which he intends to return."); *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (explaining that residency creates a rebuttable presumption of domicile for purposes of establishing diversity of citizenship).

13. Upon information and belief, including the fact that Plaintiff resides in the State of California and worked for CVS in the State of California from 2014 to 2018, CVS is informed that Plaintiff is and was a citizen of the State of California. "[A]t the pleading stage, allegations of jurisdictional fact need not be proven unless challenged." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016); *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227–28 (9th Cir. 2019).

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

### B. CVS Pharmacy, Inc. is a Citizen of the State of Rhode Island

14. If a party is a corporation, it is a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

15. CVS Pharmacy, Inc. is now, and was at all material times, a corporation duly organized and validly existing under and pursuant to the laws of the State of Rhode Island, with its principal place of business in Woonsocket, Rhode Island. 28 U.S.C. §1332(c); *Hertz Corp.*, 130 S. Ct. at 1192 ("[W]e conclude that the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities").

16. CVS Pharmacy, Inc. is now, and was at all material times, headquartered in Woonsocket, Rhode Island. CVS Pharmacy, Inc.'s officers and directors are employees whose offices are located at its headquarters in Woonsocket, Rhode Island. CVS Pharmacy, Inc.'s high-level officers direct, control, and coordinate the corporation's operations from its headquarters in Woonsocket, Rhode Island. As a result, nearly all of CVS Pharmacy, Inc.'s corporate decisions are made in Rhode Island, including operational, executive, administrative, and policymaking decisions. For this additional reason, CVS Pharmacy, Inc. is a citizen of Rhode Island. *See Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (corporation is a citizen of state in which its corporate headquarters are located and where its executive and administrative functions are performed).

17. Therefore, for the purpose of determining jurisdiction, CVS Pharmacy, Inc. was not (and is not) a citizen of the State of California, but rather, it was (and is) a citizen of the State Rhode Island.

18. Accordingly, complete diversity exists between Plaintiff and CVS Pharmacy, Inc.

## IV. THE AMOUNT IN CONTROVERSY EXCEEDS THE $75,000 JURISDICTIONAL MINIMUM

19. The jurisdictional minimum amount that must be in controversy, $75,000, was satisfied at the time of the filing of this action and is still satisfied by the facts set forth herein and described more specifically below. 28 U.S.C. § 1332(a) ("[D]istrict courts … have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between … citizens of different States."); *see also Matheson v. Progressive Specialty Ins., Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("[J]urisdiction founded on [diversity] requires that the parties be in complete diversity and the amount in controversy exceed $75,000").

20. CVS discusses the allegations below solely to demonstrate that the amount in controversy in this matter exceeds $75,000. CVS denies that Plaintiff is entitled to any damages and that Plaintiff will be able to recover on any of his theories of recovery.

21. In assessing the amount in controversy, this Court may, for removal purposes, look to the removal papers and the pleadings, as well as summary judgement type evidence. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

### A. The Amount in Controversy is Measured by the Damages and Attorneys' Fees "At Stake" in the Litigation, to which the Plaintiff Would be Entitled if He Prevails

22. In measuring the amount in controversy for purposes of diversity jurisdiction, "a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp.

2d 993, 1001 (C.D. Cal. 2002) (quotations omitted, emphasis added). In addition, the Court should aggregate damages in determining whether the controversy exceeds $75,000. *See Bank of Cal. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972) ("aggregation is permitted when a single plaintiff seeks to aggregate two or more of his own claims against a single defendant") (internal quotations omitted).

23. Additionally, as the Ninth Circuit has recently clarified, "the amount in controversy is not limited to damages incurred prior to removal-for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal)[; but] rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez*, 888 F.3d at 414-15.

### B.  Civil Penalties

24. Plaintiff's Complaint includes four causes action (Nos. 1, 3, 10, and 11) that, if Plaintiff prevails on his Complaint, would entitle him to civil penalties in the amount of **$21,500**. *See* Labor Code §1102.5(f) ($10,000); Labor Code §98.6(b)(3) ($10,000); Labor Code §226(f) ($750), and; Labor Code §1198.5(k) ($750).

### C.  Economic Damages

25. In his Complaint, Plaintiff alleges that he "has lost and will continue to lose earnings and fringe benefits," and that he has suffered "substantial losses in earnings and other employment benefits …" ***See* Complaint (Bluver decl. Exh. A at ¶¶ 23, 54.)**

26. In his Complaint, Plaintiff states that at the time of his termination on November 7, 2018 he was employed as a truck driver – who "was required to drive his truck more than the . . . 60-hour/7-day and/or 70-hour/8-day duty limits." ***Id.* at ¶¶ 6, 11.**

27. While CVS denies that it required Plaintiff to violate federal and/or

state hours of service regulations, each of Plaintiff's retaliation theories – as stated on the face of Plaintiff's Complaint – is premised upon Plaintiff having allegedly complained about working more than 40 hours per 7-day workweek.

28. At the time of his separation in November 2018, Plaintiff was employed as a Driver at CVS's La Habra, California Distribution Center. **Bluver decl. Exh. C.** His hourly rate was $29.53 (approximately $1,181.20 per week)[1]. *Id.*

29. Accordingly, by the time this case is statistically likely to be resolved at trial (June 2022 or 22.5 months from the date of removal),[2] Plaintiff's lost wages will equal **$220,844.00** – far exceeding the jurisdictional threshold alone.[3]

### D. Attorneys' Fees

30. Where an underlying statute authorizes an award of attorneys' fees, such potential fees may be included in calculating the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Here, Plaintiff seeks "attorneys' fees to the full extent permitted by law" and "costs of suit incurred." *Id.* **at ¶¶8-9.**

31. As the Ninth Circuit explained in *Chavez*, when determining the amount in controversy, attorneys' fees are calculated based on the *total* possible recovery, and not just fees incurred as of the time of removal. *Chavev supra* 888 F.3d at 417 ("That the amount in controversy is assessed at the time of removal does not mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy."); *Lucas v. Michael Kors (USA), Inc.*, No.

---

[1] $29.53 hourly rate multipled by 40 hours per week.

[2] Statistics maintained by the Administrative Office of the United States Courts pursuant to 28 U.S.C. § 604(a)(2) indicate that in the Central District of California, the median time from filing a civil action in federal court to final disposition of the action through trial is 22.5 months. ***See* Bluver decl. Exh. D.** CVS requests that the Court take judicial notice of these facts pursuant to Federal Rule of Evidence 201.

[3] $1,182.20 per week multiplied by the 43 months between Plaintiff's separation of employment (May 2019) and trial (May 2022).

2018 WL 2146403, at *11 (C.D. Cal. 2018) ("The broad holding [in *Chavez*] strongly suggests that the Ninth Circuit would find it appropriate to consider post-removal attorneys' fees. Therefore, the Court agrees that unaccrued post-removal attorneys' fees can be factored into the amount in controversy."); *Bernstein v. BMW of N. Am., LLC*, 2018 WL 2210683, at *2 (N.D. Cal. 2018) ("The Ninth Circuit's recent decision in *Chavez* . . . holding that the amount in controversy is what is at stake in the litigation at the time of removal suggests that the attorneys' fees in the context of the amount in controversy requirement should be calculated based on the total possible recovery and not just the fees incurred to date—resolving a previously unresolved question.").

32. In 2017, Plaintiff's counsel, D. Aaron Brock, was Court approved in this District at an hourly rate of $600. **See Bluver decl. Exh. E.**

33. It is unlikely that Mr. Brock's rate remains at $600, and has likely increased in the last three years.

34. However, assuming Mr. Brock's 2017-rate of $600, the $75,000 jurisdictional threshold will be met after only 125 hours of litigation. An average amount of pre-trial discovery, trial preparation, and trial attendance will certainly exceed 125 hours[4]. It is therefore at least *plausible* that an attorney's-fee award in this eleven-cause-of-action-matter will exceed $75,000.

35. Accordingly, for all of the reasons stated above, the Complaint contemplates an amount "at stake" in this litigation which far exceeds the $75,000 jurisdictional threshold.

### V. REMOVAL IS TIMELY

36. This Petition and Notice of Removal is timely pursuant to 28 U.S.C. section 1446(b) because this action is being removed within thirty (30) days of the

---

[4] For what it is worth, in the Order attached to the Bluver decl. as Exhibit E, Magistrate Jay C. Ghandi approved Mr. Brock's former firm's request of **650** hours in a disability discrimination matter that proceeded as a two-day bench trial.

-8-
PETITION AND NOTICE OF REMOVAL

date when CVS was served with the Summons and Complaint. 28 U.S.C. § 1446(b)(1); *see* **Bluver decl. Exh. A.**

## VI. CONCLUSION

31. For the reasons stated above, this Court has jurisdiction under 28 U.S.C. section 1332 because this is a civil action between citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, CVS may remove this action to this Court pursuant to 28 U.S.C. sections 1332 and 1441. CVS respectfully requests that this Court exercise its removal jurisdiction over this action.

DATED: July 27, 2020          PAYNE & FEARS LLP


By:   */s/ Jason I. Bluver*
      DANIEL F. FEARS
      ANDREW K. HAEFFELE
      JASON I. BLUVER

Attorneys for Defendant CVS PHARMACY, INC.

4818-9716-7300.1

# PROOF OF SERVICE

*Shane Person v. CVS Pharmacy, Inc.*
<u>United States District Court Case No.</u> 8:20-cv-01360

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Orange, State of California. My business address is Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, CA 92614.

On July 27, 2020, I served true copies of the following document(s) described as **PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441** on the interested parties in this action as follows:

| | |
|---|---|
| Timothy J. Gonzales, Esq.<br>D. Aaron Brock, Esq.<br>BROCK & GONZALES, LLP<br>6701 Center Drive West, Suite 610<br>Los Angeles, CA 90045<br>Tel: (310) 294-9595<br>Fax: (310) 961-3673<br>E-Mail:  tg@brockgonzales.com<br>        ab@brockgonzales.com | Attorneys for Plaintiff<br>SHANE PERSON |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address tshaw@paynefears.com to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[Federal]** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 27, 2020, at Irvine, California.

   /s/ Terri M. Shaw
   Terri M. Shaw

PROOF OF SERVICE