# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
06/25/2020
CT Log Number 537846894

**TO:**   SERVICEOF PROCESS
CVS Health Companies
1 CVS DR MAIL CODE 1160
WOONSOCKET, RI 02895-6146

**RE:**   **Process Served in California**

**FOR:**   CVS Pharmacy, Inc.  (Domestic State: RI)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Shane Person, etc., Pltf. vs. CVS Pharmacy, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 30202001144896CUWTCJC |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/25/2020 at 14:15 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/25/2020, Expected Purge Date: 06/30/2020<br><br>Image SOP<br><br>Email Notification,  SERVICEOF PROCESS  service_of_process@cvs.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>155 Federal St Ste 700<br>Boston, MA 02110-1727 |
| **For Questions:** | 800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

Page 1 of  1 / GP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

130  6·25

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Brock & Gonzales LLP<br>6701 Center Drive West, Ste. 610, Los Angeles, CA 90045<br>TELEPHONE NO.: (310) 294-9595   FAX NO. (Optional):<br>ATTORNEY FOR (Name): Plaintiff, Shane Person | Electronically Filed by Superior Court of California, County of Orange, 05/07/2020 10:20:28 AM.<br>30-2020-01144896-CU-WT-CJC, DAVID H. YAMASAKI, Clerk of the Court By Omar Saldivar, Deputy Clerk. |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Orange**
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: Central Justice Center

CASE NAME:
Shane Person v. CVS Pharmacy, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 30-2020-01144896-CU-WT-CJC |
| | | | | JUDGE:   Judge David A. Hoffer<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [x] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties         d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more
         issues that will be time-consuming to resolve                courts in other counties, states, or countries, or in a federal
   c. [ ] Substantial amount of documentary evidence                  court
                                                            f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify)*: 11
5. This case [ ] is [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*
Date: 05/07/2020

Timothy J. Gonzales
_____
(TYPE OR PRINT NAME)                                    ▶ _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one box** for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

---

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

For your protection and privacy, please press the Clear
This Form button after you have printed the form.  | Print this form | Save this form | | Clear this form |

Electronically Filed by Superior Court of California, County of Orange, 05/07/2020 10:20:28 AM.
30-2020-01144896-CU-WT-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Omar Saldivar, Deputy Clerk.



**BROCK & GONZALES, LLP**
6701 CENTER DRIVE WEST, STE. 610
LOS ANGELES, CA 90045
Tel: (310) 294-9595
Fax: (310) 961-3673
TIMOTHY J. GONZALES, STATE BAR NO. 234923
D. AARON BROCK, STATE BAR NO. 241919

**Attorneys for Plaintiff**
SHANE PERSON

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

Assigned for all purposes
Judge David A. Hoffer

| | |
|---|---|
| SHANE PERSON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CVS PHARMACY, INC. ; a Rhode Island Corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.:  **30-2020-01144896-CU-WT-CJC**<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. **VIOLATION OF LABOR CODE** §1102.5;<br>2. **VIOLATION OF LABOR CODE** §6310;<br>3. **VIOLATION OF LABOR CODE** §98.6;<br>4. **DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA;**<br>5. **FAILURE TO ACCOMMODATE IN VIOLATION OF THE FEHA;**<br>6. **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF THE FEHA;**<br>7. **RETALIATION IN VIOLATION OF THE FEHA;**<br>8. **FAILURE TO PREVENT IN VIOLATION OF THE FEHA;**<br>9. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**<br>10. **VIOLATION OF LABOR CODE** §226; and<br>11. **VIOLATION OF LABOR CODE** §1198.5.<br><br>**DEMAND FOR JURY TRIAL** |

///

1

**COMPLAINT**

1    Plaintiff, SHANE PERSON, hereby brings his employment complaint, demanding a trial

2    by jury, against the above-named Defendants and states and alleges as follows:

3                                    **THE PARTIES**

4        1.    At all times mentioned herein, Plaintiff, SHANE PERSON ("Plaintiff"), was a

5    resident of the State of California.

6        2.    At all times mentioned herein, Defendant CVS PHARMACY, INC. (hereinafter

7    "CVS" and/or "Defendant" where applicable) was a Rhode Island corporation, doing business in

8    the State of California, County of Orange, at 777 Harbor Boulevard, La Habra, CA 90631. At the

9    time the causes of action arose, Plaintiff is informed and believes Defendant CVS was Plaintiff's

10   employer.

11       3.    The true names and capacities, whether individual, corporate, associate or otherwise

12   of DOES 1 through 50 are unknown to Plaintiff who therefore sues these defendants under said

13   fictitious names. Plaintiff is informed and believes that each of the defendants named as a Doe

14   defendant is legally responsible in some manner for the events referred to in this Complaint, is

15   either negligently, willfully, wantonly, recklessly, tortiously, strictly liable, statutorily liable or

16   otherwise, for the injuries and damages described below to this Plaintiff. Plaintiff will in the

17   future seek leave of this court to show the true names and capacities of these Doe defendants

18   when it has been ascertained.

19       4.    Plaintiff is informed and believes, and thereon alleges, that at all times relevant

20   herein, each Defendant designated, including DOES 1-50, herein was the agent, managing agent,

21   principal, owner, partner, joint venturer, successor, alter ego, representative, supervisor,

22   manager, servant, employee and/or co-conspirator of each of the other Defendants, and was at all

23   times mentioned herein acting within the course and scope of said agency and employment, and

24   that all acts or omissions alleged herein were duly committed with the ratification, knowledge,

25   permission, encouragement, authorization and consent of each Defendant designated herein.

26       5.    Hereinafter in the Complaint, unless otherwise specified, reference to a Defendant or

27   Defendants shall refer to all Defendants, and each of them.

28   ///

                                         2
                                    **COMPLAINT**

## ALLEGATIONS

6.  Plaintiff began his employment with Defendant in or around February 2014. At the time of Plaintiff's wrongful termination on or about November 7, 2018, Defendant employed Plaintiff as a truck driver.

7.  At all times mentioned herein, Plaintiff performed his job duties in an exemplary manner.

8.  On or about October 19, 2017, Plaintiff suffered and/or exacerbated the disability of a right knee and/or lumbar spine injury while working. Thereafter, Plaintiff sought medical care and was given work restrictions by his healthcare providers. Indeed, Plaintiff notified Defendant about his disabilities and related work restrictions.

9.  Unfortunately, Plaintiff's disabilities did not heal as expected. As a result, Plaintiff's healthcare providers recommended right knee surgery, which was performed on or about March 29, 2018. At that time, Plaintiff requested and Defendant granted Plaintiff a leave of absence from on or about March 29, 2018 to on or about April 16, 2018 so Plaintiff could heal and recover from surgery.

10.  When Plaintiff returned to work in or around mid-April 2018, Defendant retaliated against and/or discriminated against Plaintiff by taking away job opportunities and/or more desirable routes, among other things.

11.  In or around late August 2018, Plaintiff began to complain to Defendant about Defendant potentially violating California and/or federal laws regarding Plaintiff's hours of service as a driver of a commercial truck. More specifically, Plaintiff complained to Defendant that Defendant was requiring him to drive his truck more than the 14-hour "driving window" limit and/or 11-hour driving limit and/or the 60—hour/7-day and/or 70-hour/8-day duty limits. Plaintiff is informed and believes his complaints angered and/or frustrated Defendant.

12.  Shortly after Plaintiff made complaints to Defendant about Defendant's potential violations of California and/or federal laws, Defendant retaliated against Plaintiff on or about September 10, 2018 by falsely accusing Plaintiff of damaging a truck.

3
COMPLAINT

13.   As a result of Defendant's ongoing discrimination and/or retaliation, Plaintiff suffered and/or exacerbated the disabilities of stress and/or anxiety and/or depression. Therefore, Plaintiff's healthcare provider placed Plaintiff on a medical leave of absence beginning on or about September 11, 2018.

14.   On or about October 22, 2018, Plaintiff returned to work and was further retaliated against and/or discriminated against when Defendant suspended Plaintiff "pending investigation."

15.   On or about November 7, 2018, Defendant wrongfully terminated Plaintiff for the false and/or pretextual reason of not reporting the alleged damage to a truck.

16.   Plaintiff is informed and believes, and based thereon alleges, Defendant wrongfully terminated Plaintiff's employment in retaliation for Plaintiff reporting and/or making complaints of an unsafe workplace and/or unlawful activity by Defendant and/or on the basis of Plaintiff's perceived and/or disabilities and/or requesting and/or taking leave and/or requesting accommodations.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

17.   On November 6, 2019, Plaintiff filed charges with the State of California, Department of Fair Employment and Housing. The Department of Fair Employment and Housing closed Plaintiff's case in order to allow Plaintiff to pursue his civil remedies under the Fair Employment Housing Act ("FEHA") and issued Plaintiff a right to sue letter the same day

### FIRST CAUSE OF ACTION

### VIOLATION OF <u>LABOR CODE</u> § 1102.5

### (Against ALL Defendants)

18.   Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 17 of this Complaint.

19.   At all times mentioned herein, California <u>Labor Code</u> § 1102.5 was in full force and effect, and were binding on Defendants, and each of them.

20.   California <u>Labor Code</u> § 1102.5(b) prohibits an employer, or any person acting on behalf of the employer, from retaliating against an employee because the employer believes that

4

COMPLAINT

1   the employee disclosed or may disclose information, to a government or law enforcement
2   agency, to a person with authority over the employee or another employee who has the authority
3   to investigate, discover, or correct the violation or noncompliance.

4       21.   California <u>Labor Code</u> § 1102.5(c) prohibits an employer, or any person acting on
5   behalf of the employer, from retaliating against an employee for refusing to participate in an
6   activity that would result in a violation of state or federal statute, or a violation of or
7   noncompliance with a local, state, or federal rule or regulation.

8       22.   Plaintiff is informed, believes, and based thereon alleges that a substantial factor, if
9   not the sole factor, in Defendants' decision to terminate Plaintiff's employment was because he
10  disclosed unlawful information to another employee who has the authority to investigate,
11  discover and/or correct the violation and/or Defendants believed he disclosed and/or may
12  disclose unlawful information to a government agency and/or because he refused to participate in
13  an activity that would result in a violation of state or federal statute, or a violation of or
14  noncompliance with a local, state, or federal rule or regulation.

15      23.   As a proximate result of the aforesaid acts of Defendants and each of them, Plaintiff
16  has lost, and will continue to lose, earnings and fringe benefits and has suffered and/or will suffer
17  other actual, consequential and incidental financial losses, in an amount to be proven at trial in
18  excess of the jurisdictional minimum of this court. Plaintiff claims such amounts as damages
19  together with prejudgment interest pursuant to <u>Civil Code</u> section 3287 and/or section 3288
20  and/or any other provision of law providing for prejudgment interest.

21      24.   As a proximate result of the aforesaid acts of Defendants and each of them, Plaintiff
22  has become mentally upset, distressed, embarrassed, humiliated, and aggravated. Plaintiff claims
23  general damages for such mental and physical distress and aggravation in a sum in excess of the
24  jurisdictional minimum of this court.

25      25.   Because the acts taken toward Plaintiff were carried out by Plaintiff's supervisors,
26  who was a managerial employee acting in a deliberate, cold, callous, cruel and intentional
27  manner, in conscious disregard of Plaintiff's rights and in order to injure and damage him,
28

5<br>**COMPLAINT**

1  Plaintiff requests that punitive damages be levied against Defendants and each of them, in sums

2  in excess of the jurisdictional minimum of this court.

3      26.  As a result of the acts of Defendants, Plaintiff is entitled to reasonable attorney's fees

4  and costs of said suit as specifically provided in California Code of Civil Procedure §1021.5.

5                          **SECOND CAUSE OF ACTION**

6              **VIOLATION OF CALIFORNIA LABOR CODE § 6310**

7                          **(Against ALL Defendants)**

8      27.  Plaintiff restates and incorporates by this reference as if fully set forth herein

9  paragraphs 1 through 26 of this Complaint.

10     28.  California Labor Code § 6310 prohibits an employer from discharging in or in any

11 manner discriminating against any employee because the employee has made any oral or written

12 complaint to the division, other governmental agencies having statutory responsibility for or

13 assisting the division with reference to employee safety or health, his or her employer, or his or

14 her representative and/or instituted or caused to be instituted any proceeding under or relating to

15 his or her rights or has testified or is about to testify in the proceeding or because of the exercise

16 by the employee on behalf of himself, herself, or others of any rights afforded him or her.

17 Defendant violated California Labor Code § 6310.

18     29.  Plaintiff engaged in an activity protected by California Labor Code § 6310.

19 Defendant violated California Labor Code § 6310 by terminating Plaintiff's employment in

20 retaliation for his protected activity.

21     30.  As a proximate result of the aforesaid acts of Defendants and each of them, Plaintiff

22 has lost, and will continue to lose, earnings and fringe benefits and has suffered and/or will suffer

23 other actual, consequential and incidental financial losses, in an amount to be proven at trial in

24 excess of the jurisdictional minimum of this court. Plaintiff claims such amounts as damages

25 together with prejudgment interest pursuant to Civil Code section 3287 and/or section 3288

26 and/or any other provision of law providing for prejudgment interest.

27     31.  As a proximate result of the aforesaid acts of Defendants and each of them, Plaintiff

28 has become mentally upset, distressed, embarrassed, humiliated, and aggravated. Plaintiff claims

6

**COMPLAINT**

general damages for such mental and physical distress and aggravation in a sum in excess of the jurisdictional minimum of this court.

32. Because the acts taken toward Plaintiff were carried out by Plaintiff's supervisors, who was a managerial employee acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage him, Plaintiff requests that punitive damages be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this court.

33. As a result, Plaintiff is entitled to reinstatement and reimbursement for lost wages and work benefits caused Defendant, pursuant to California Labor Code § 6310(3)(b).

34. Plaintiff is entitled to reasonable attorney's fees and costs of said suit as specifically provided in California Code of Civil Procedure §1021.5.

### THIRD CAUSE OF ACTION

### VIOLATION OF CALIFORNIA LABOR CODE § 98.6

### (Against ALL Defendants)

35. Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 34 of this Complaint.

36. At all times mentioned herein California Labor Code § 98.6 was in full force and effect, and were binding on Defendants, and each of them.

37. California Labor Code § 98.6(a) prohibits an employer from discharging or in any manner discriminating, retaliating, or taking any adverse action against any employee or applicant for employment because the employee or applicant engaged in any conduct delineated in certain sections of the Labor Code, including California Labor Code §§ 1102.5 and 6310, or because the employee or applicant for employment has filed a bona fide complaint or claim or instituted or caused to be instituted any proceeding under or relating to his or her rights that are under the jurisdiction of the Labor Commissioner.

38. Defendant violated California Labor Code § 98.6.

39. As a result, Plaintiff is entitled to reinstatement and reimbursement for lost wages and work benefits caused Defendant, pursuant to California Labor Code § 98.6(b)(1).

7

**COMPLAINT**

40.  In addition, Defendant is liable for a civil penalty of ten thousand dollars ($10,000), pursuant to California Labor Code § 98.6(b)(3).

41.  Plaintiff is entitled to reasonable attorney's fees and costs of said suit as specifically provided in California Code of Civil Procedure §1021.5.

## FOURTH CAUSE OF ACTION

### DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA

### (Against ALL Defendants)

42.  Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 41 of this Complaint.

43.  At all times herein mentioned, the FEHA was in full force and effect and was binding on Defendants, as Defendants regularly employed five or more persons.

44.  The FEHA requires Defendants to refrain from discriminating against any employee on the basis of perceived and/or disabilities.

45.  Defendants engaged in unlawful employment practices in violation of the FEHA.

46.  As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

47.  As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

48.  As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute his claims herein and has incurred and is expected to continue to incur

8
COMPLAINT

B&G | BROCK &
GONZALES

1   attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees

2   and costs under California <u>Government Code</u> § 12965(b).

3       49.  The actions taken against Plaintiff were carried out and ratified by officers and

4   managers of Defendant. In addition, Defendant had in place policies and procedures that

5   specifically prohibited discrimination based on a disability and required Defendant's managers,

6   officers, and agents to prevent disability discrimination. However, Defendants chose to

7   consciously and willfully ignore said policies and procedures and therefore, their outrageous

8   conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights

9   of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided,

10   abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct

11   alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against

12   each Defendant in an amount to be established that is appropriate to punish each Defendant and

13   deter others from engaging in such conduct in the future.

**FIFTH CAUSE OF ACTION**

**FAILURE TO ACCOMMODATE IN VIOLATION OF THE FEHA**

**(Against ALL Defendants)**

17      50.  Plaintiff restates and incorporates by this reference as if fully set forth herein

18   paragraphs 1 through 49 of this Complaint.

19      51.  At all times herein mentioned, the FEHA was in full force and effect and was

20   binding on Defendants, as Defendants regularly employed five or more persons. The FEHA

21   imposes upon employers certain affirmative duties when confronted with an employee who has a

22   disability/medical condition.

23      52.  Defendants failed to fulfill their affirmative duty to reasonably accommodate

24   Plaintiff. Defendants' actions were in direct contravention of the FEHA.

25      53.  Plaintiff alleges that with reasonable accommodations he could have fully performed

26   all duties and functions of her job in an adequate, satisfactory and/or outstanding manner.

27      54.  As a direct and legal result of Defendants' discriminatory actions herein referenced,

28   Plaintiff has suffered and continues to suffer general and special damages including but not

9

**COMPLAINT**

1    limited to substantial losses in earnings, other employment benefits, physical injuries, physical

2    sickness, as well as emotional distress, all to his damage in an amount according to proof.

3        55.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

4    has been forced to hire attorneys to prosecute his claims herein and has incurred and is expected

5    to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to

6    recover attorneys' fees and costs under California <u>Government Code</u> § 12965(b).

7        56.    The actions taken against Plaintiff were carried out and ratified by officers and

8    managers of Defendant. In addition, Defendant had in place policies and procedures to

9    accommodate the disability of its employees. However, Defendants chose to consciously and

10   willfully ignore said policies and procedures and therefore, their outrageous conduct was

11   fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff

12   and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted,

13   participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged

14   above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each

15   Defendant in an amount to be established that is appropriate to punish each Defendant and deter

16   others from engaging in such conduct in the future.

17                          **SIXTH CAUSE OF ACTION**

18            **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN**

19                        **VIOLATION OF THE FEHA**

20                        **(Against ALL Defendants)**

21       57.   Plaintiff restates and incorporates by this reference as if fully set forth herein

22   paragraphs 1 through 56 of this Complaint.

23       58.   The FEHA makes it unlawful for an employer to fail to engage in a timely, good

24   faith, interactive process with the employee to determine effective reasonable accommodations,

25   if any.

26       59.   Defendants failed to engage in a timely, good faith, interactive process with Plaintiff

27   to accommodate his known disabilities in violation of the FEHA.

28

10

**COMPLAINT**

60. As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

61. As a direct and legal result of Defendants' discriminatory actions herein referenced, Plaintiff has suffered and continues to suffer general and special damages including but not limited to substantial losses in earnings, other employment benefits and emotional distress, all to his damage in an amount according to proof.

62. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute his claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

63. The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendants. In addition, Defendants had in place policies and procedures that specifically required it to engage in the interactive process to accommodate the disabilities of its employees. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future.

///
///
///
///
///
///

11
**COMPLAINT**

## SEVENTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF THE FEHA

#### (Against ALL Defendants)

64.   Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 63 of this Complaint.

65.   The FEHA protects all individuals from retaliation for engaging in a protected activity. Plaintiff engaged in a protected activity by reporting his disabilities and/or requesting accommodation for his disabilities.

66.   Thereafter, Defendants retaliated against Plaintiff and terminated his employment.

67.   As a direct and proximate result of the acts of Defendants, Plaintiff has and will continue to suffer severe mental anguish and emotional distress in the form of anger, anxiety, embarrassment, headaches, humiliation, loss of sleep, confidence, self-esteem and general discomfort; will incur medical expenses for treatment by psychotherapists and other health care professionals, and other incidental expenses; suffer loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in an amount according to proof at trial.

68.   As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

69.   As a direct and proximate result of Defendants' discriminatory conduct, as alleged herein, Plaintiff has been compelled to retain legal counsel, and is therefore entitled to reasonable attorneys' fees and costs of suit, pursuant to Government Code §§ 12940, 12965 subdivision (b).

70.   Defendant had in place policies and procedures that specifically required Defendant's managers, officers, and agents to prevent retaliation against and upon their employees. Plaintiff relied on the fact that Defendant would follow these known policies, yet Defendant consciously

12

**COMPLAINT**

1   chose not to follow said policies. Therefore, Defendant's conduct was fraudulent, malicious,

2   oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties

3   owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized,

4   ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should,

5   therefore, be awarded exemplary and punitive damages against each Defendant in an amount to

6   be established that is appropriate to punish each Defendant and deter others from engaging in

7   such conduct.

8   ## EIGHTH CAUSE OF ACTION

9   ### FAILURE TO PREVENT IN VIOLATION OF THE FEHA

10   #### (Against ALL Defendants)

11   71.   Plaintiff restates and incorporates by this reference as if fully set forth herein

12   paragraphs 1 through 70 of this Complaint.

13   72.   At all times mentioned herein, California Government Code Sections 12940, et seq.,

14   including but not limited to Section 12940 (k), was in full force and effect and was binding upon

15   Defendants and each of them. This section imposes on an employer a duty to take all reasonable

16   steps necessary to prevent discrimination and retaliation from occurring, among other things.

17   73.   Defendants failed to take all reasonable steps necessary to prevent discrimination and

18   retaliation from occurring.

19   74.   In failing and/or refusing to take and or all reasonable steps necessary to prevent

20   discrimination and retaliation from occurring, Defendants violated California Government Code

21   § 12940(k), causing Plaintiff to suffer damages as set forth above.

22   75.   As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff

23   has suffered actual, consequential and incidental financial losses, including without limitation,

24   loss of salary and benefits, and the intangible loss of employment related opportunities in his

25   field and damage to his professional reputation, all in an amount subject to proof at the time of

26   trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288

27   and/or any other provision of law providing for prejudgment interest.

28

13
**COMPLAINT**

B&G BROCK & GONZALES

76.  As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

77.  As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute his claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

78.  Defendant had in place policies and procedures that specifically required Defendant's managers, officers, and agents to prevent discrimination and harassment against and upon their employees. Plaintiff relied on the fact that Defendant would follow these known policies, yet Defendant consciously chose not to follow said policies. Therefore, Defendant's conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

## NINTH CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against ALL Defendants)

79.  Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 78 of this Complaint.

80.  California Health and Safety Code § 1278.5 and California Labor Code §§ 1102.5, 6310 and 98.6 express public policies of the State of California that are designed to protect all employees and to promote the welfare and wellbeing of the community at large. Accordingly, the

14

**COMPLAINT**

1  actions of Defendants, and each of them, in terminating Plaintiff on the grounds alleged and

2  described herein were wrongful and in contravention of the express public policy of the State of

3  California, to wit, the policy set forth in California Health and Safety Code § 1278.5 and

4  California Labor Code §§ 1102.5, 6310 and 98.6, and the laws and regulations promulgated

5  thereunder.

6        81.    At all times mentioned, the public policy of the state of California, as codified,

7  expressed and mandated in California Government Code § 12940 et seq., is to prohibit

8  employers from discriminating and retaliating against any individual on the basis of perceived

9  and/or disability and/or for engaging in protected activities, including requesting

10  accommodations. This public policy of the state of California is designed to protect all

11  employees and to promote the welfare and wellbeing of the community at large. Accordingly, the

12  actions of Defendants, and each of them, in terminating Plaintiff on the grounds alleged and

13  described herein were wrongful and in contravention of the express public policy of the State of

14  California, to wit, the policy set forth in California Government Code § 12940 et seq., and the

15  laws and regulations promulgated thereunder.

16        82.    As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff

17  has suffered actual, consequential and incidental financial losses, including without limitation,

18  loss of salary and benefits, and the intangible loss of employment related opportunities in his

19  field and damage to his professional reputation, all in an amount subject to proof at the time of

20  trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288

21  and/or any other provision of law providing for prejudgment interest.

22        83.    The actions taken against Plaintiff were carried out and ratified by officers and

23  managers of Defendants. In addition, Defendants had in place policies and procedures that

24  specifically prohibited retaliation and required Defendants' managers, officers, and agents to

25  prevent retaliation against and upon employees of Defendants. However, Defendants chose to

26  consciously and willfully ignore said policies and procedures and therefore, their outrageous

27  conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights

28  of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided,

15

**COMPLAINT**

B&G|BROCK&
GONZALES

1   abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct

2   alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against

3   each Defendant in an amount to be established that is appropriate to punish each Defendant and

4   deter others from engaging in such conduct in the future.

5                                **TENTH CAUSE OF ACTION**

6                     **VIOLATION OF CALIFORNIA LABOR CODE §226**

7                                  **(Against ALL Defendants)**

8       84.   Plaintiff restates and incorporates by this reference as if fully set forth herein

9   paragraphs 1 through 83 of this Complaint.

10      85.   California Labor Code § 226 requires employers to maintain true and accurate

11  records and provide an itemized statement to the employee including among other items, the rate

12  of pay and hours worked, and to provide such information if requested. Plaintiff properly

13  requested this information, but it was never provided.

14      86.   Subsection (b) of Labor Code § 226 requires that upon request from an employee,

15  and employer must afford the employee the right to inspect or copy the records pertaining to that

16  employee. Defendant, to date, has ignored Plaintiff's request to inspect such records.

17      87.   Subsection (e) of Labor Code § 226 allows recovery to an employee suffering injury

18  as a result of a knowing and intentional failure by an employer to comply entitling the employee

19  to penalties, reasonable attorney's fees, and costs.

20                              **ELEVENTH CAUSE OF ACTION**

21                    **VIOLATION OF CALIFORNIA LABOR CODE §1198.5**

22                                 **(Against ALL Defendants)**

23      88.   Plaintiff restates and incorporates by this reference as if fully set forth herein

24  paragraphs 1 through 87 of this Complaint.

25      89.   California Labor Code § 1198.5 states that employees (and former employees) have

26  the right to inspect personnel records maintained by the employer "related to the employee's

27  performance or to any grievance concerning the employee." Employers must allow inspection or

28  copying within thirty (30) days of the request, which can be made by the employee or their

                                            16
                                        **COMPLAINT**

B&G | BROCK & GONZALES

1  representative (often an attorney). That time period can be extended by five (5) days by mutual

2  agreement.

3     90.   Plaintiff requested to inspect his personnel file, but was not allowed to do so.

4  Labor Code §1198.5 allows recovery to an employee suffering injury as a result of a knowing

5  and intentional failure by an employer to comply entitling the employee to penalties, reasonable

6  attorney's fees, and costs.

7

8     **WHEREFORE, Plaintiff prays for judgment as follows:**

9     1.    For general damages according to proof;

10    2.    For special damages according to proof;

11    3.    For punitive damages according to proof;

12    4.    For attorney fees and costs of suit;

13    5.    For reinstatement;

14    6.    For statutory penalties;

15    7.    For declaratory relief;

16    8.    For injunctive relief;

17    9.    For prejudgment and post-judgment interest according to law; and

18    10.   For such other and further relief as the court may deem just and proper.

19

20              **DEMAND FOR JURY TRIAL**

21    Plaintiff hereby demands a trial by jury.

22

23  DATED:    May 7, 2020              BROCK & GONZALES, LLP

24

25                            By:

26                               TIMOTHY J. GONZALES

27                               D. AARON BROCK

28                               Attorneys for Plaintiff

17

**COMPLAINT**

Electronically Filed by Superior Court of California, County of Orange, 05/07/2020 10:20:28 AM.
30-2020-01144896-CU-WT-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Omar Saldivar, Deputy Clerk.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
  CVS PHARMACY, INC. ; a Rhode Island Corporation; and DOES 1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
  SHANE PERSON, an individual,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:  SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>*(El nombre y dirección de la corte es):*<br>FOR THE COUNTY OF ORANGE<br>700 CIVIC CENTER DRIVE WEST, SANTA ANA, CA 92701 | CASE NUMBER: *(Número del Caso):*<br>**30-2020-01144896-CU-WT-CJC**<br><br>**Judge David A. Hoffer** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Brock & Gonzales LLP, 6701 Center Drive West, Ste. 610, Los Angeles, CA 90045, (310) 294-9595

| DATE: **05/07/2020**<br>*(Fecha)* | **DAVID H. YAMASAKI, Clerk of the Court** | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|---|
| | | Omar Saldivar | |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [x] on behalf of *(specify):*   CVS PHARMACY INC, a Rhose Island Corporation

   under: [x] CCP 416.10 (corporation)       [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)      [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*

4. [ ] by personal delivery on *(date)*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courts.ca.gov |
|---|---|---|

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]   [ Save this form ]   [ Clear this form ]

EXHIBIT A, PAGE 24